UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:          -CIV-

YADER PAVON, ALISON CHAVEZ
and DAVID BETANCOURT

    Plaintiffs,

v.

CESPEDES REPAIR, INC.
a Florida Corporation, and JOSE L. CESPEDES
an individual

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, YADER PAVON (hereafter referred to as "Pavon"), Plaintiff ALISON CHAVEZ (hereafter referred to as "Chavez") and Plaintiff, DAVID BETANCOURT (hereafter referred to as "Betancourt") (collectively referred to as "Plaintiffs") by and through his undersigned counsel, and hereby sues Defendants, CESPEDES REPAIR, INC. a Florida Corporation, (hereafter referred to as "Cespedes Repair"), and JOSE L. CESPEDES, an individual (hereafter referred to as "Cespedes") (collectively referred to as "Defendants") and as ground alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, as amended, 29. U.S.C. §201 *et. seq.*("FLSA").

### PARTIES

2. Plaintiff, YADER PAVON, is an adult, male resident of the United States who presently resides in Miami, Miami-Dade County, Florida.

3. Plaintiff, ALISON CHAVEZ, is an adult, female resident of the United States who presently resides in Miami, Miami-Dade County, Florida.

4. Plaintiff, DAVID BETANCOURT, is an adult, male resident of the United States who presently resides in Miami, Miami-Dade County, Florida.

5. Defendant, CESPEDES REPAIR a Florida Corporation, did at all times material, conduct substantial and continuous business in the Southern District of Florida. CESPEDES REPAIR is located at 3411 SW 99th Court Miami, FL 33165

6. Defendant, CESPEDES owned, managed, and/or operated CESPEDES REPAIR and regularly exercised the authority to hire and fire employees, determine work schedule of employees, set the rate of pay for employees, and controls the finances and operations of CESPEDES REPAIR.

7. The Defendants are an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. §203(d) and s(1), in that they have employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

8. Based upon information and belief, the annual gross sales volume of the Defendants entity was in excess of $500,000.00 per annum at all times material hereto.

9. At all times material hereto, Pavon, is and continues to be a resident of Miami, Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, Chavez is and continues to be a resident of Miami, Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

11. At all times material hereto, Betancourt is and continues to be a resident of Miami, Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

12. At all times material hereto, the worked performed by Pavon was directly essential to the business performed by the Defendants.

13. At all times material hereto, the worked performed by Pavon was directly essential to the business performed by the Defendants.

14. At all times material hereto, the worked performed by Betancourt was directly essential to the business performed by the Defendants.

15. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

16. At all times material, during Pavon's employment with Defendants, the Defendants were engaged in interstate commerce of in the production of goods for commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all times material, during Chavez's employment with Defendants, the Defendants were engaged in interstate commerce of in the production of goods for commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all times material, during Betancourt's employment with Defendants, the Defendants were engaged in interstate commerce of in the production of goods for commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

19. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

20. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATIONS

21. On or about October 1, 2017 Pavon was hired by Defendants as a delivery driver and general worker. On or about February 1, 2019, Pavon no longer worked for Defendants.

22. On or about December 20, 2017 Chavez was hired by Defendants as a secretary. On or about May 14, 2019, Chavez no longer worked for Defendants.

23. On or about January 21, 2019, Betancourt was hired by Defendants as a general worker. On or about June 22, 2019, Betancourt no longer worked for Defendants.

24. Plaintiff, Pavon, was given a wage of $9.37 per hour.

25. Plaintiff, Chavez, was given a wage of $11.12 per hour.

26. Plaintiff, Betancourt, was given a wage of $10.77 per hour.

27. In many weeks, Plaintiffs worked in excess of forty (40) hours per week, but were not paid at the rate of time-and-one-half his regular hourly rate.

28. Between October 1, 2019 and February 1, 2019, Pavon worked approximately three thousand eight hundred eight (3,808) overtime hours.

29. Between December 20, 2017 to May 14, 2019, Chavez worked approximately one thousand twenty-two (1,022) overtime hours.

30. Between January 21, 2019 and June 22, 2019, Betancourt worked approximately eight hundred seventy-four (874) overtime hours.

31. Although the Defendants were able to keep track of hours worked by Plaintiffs the Defendants failed to pay Plaintiffs at an overtime rate when working in excess of forty (40) hours a week.

32. Plaintiffs should have been paid an hourly, non-exempt rate during the entire course of their employment with the Defendants.

33. Pavon is still owed for his overtime work completed from October 1, 2019 and February 1, 2019.

34. Chavez is still owed for her overtime worked completed from December 20, 2017 and May 14, 2019.

35. Betancourt is still owed for his overtime worked completed from January 21, 2019 and June 22, 2019.

36. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

## COUNT I
## Violation of 29 U.S.C. §207 (Unpaid Overtime)
### *(Plaintiff Pavon Against the Defendants)*

37. Plaintiffs, PAVON, re-allege and re-incorporate paragraphs 1-36 as fully alleged therein.

38. Between October 1, 2019 and February 1, 2019, in addition to Pavon's normal, regular work week, Pavon worked additional hours in excess of forty (40) per week for which he was no compensated at the statutory rate of time and one-half.

39. Pavon was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

40. Defendants failed to pay Pavon's overtime compensation in the lawful amount for hours worked by Pavon in excess of the maximum provided for in the FLSA.

41. At all times, Defendants willfully employed Pavon for many work weeks longer than forty (40) hours, and failed and refused to compensate Pavon for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

42. As a result of the unlawful acts of Defendants, Pavon has been deprived of minimum wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorney's fees and cost.

43. Defendants remain owing Pavon overtime wages, and Pavon is entitled to recover double damages pursuant to the FLSA.

44. Records, if any, concerning the number of hours worked by Pavon and the actual compensation paid to him are in the possession and custody of Defendants.

45. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Pavon at the statutory rate of time and one-half for

the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

46. Defendants failed to properly disclose or apprise Pavon of his rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Pavon has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount in liquidated damages.

48. Pavon is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, Pavon respectfully requests that judgment be entered in their favor against Defendants, CESPEDES REPAIR and CESPEDES

   a. Declaring that Defendants have violated the maximum provisions of 29 U.S.C. §201;

   b. Awarding Pavon overtime compensation in the amount calculated;

   c. Awarding Pavon liquidated damages in the amount calculated;

   d. Awarding Pavon reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. §216(b);

   e. Awarding Pavon post-judgment interest; and

   f. Ordering any other and further relief this Court deems to be just.

## COUNT II
### Violation of 29 U.S.C. §207 (Unpaid Overtime)
### *(Plaintiff Chavez Against the Defendants)*

49. Plaintiffs, Chavez, re-allege and re-incorporate paragraphs 1-36 as fully alleged therein.

50. Between December 20, 2017 and May 14, 2019, in addition to Chavez's normal, regular work week, Chavez worked additional hours in excess of forty (40) per week for which he was no compensated at the statutory rate of time and one-half.

51. Chavez was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

52. Defendants failed to pay Chavez's overtime compensation in the lawful amount for hours worked by Chavez in excess of the maximum provided for in the FLSA.

53. At all times, Defendants willfully employed Chavez for many work weeks longer than forty (40) hours, and failed and refused to compensate Chavez for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

54. As a result of the unlawful acts of Defendants, Chavez has been deprived of minimum wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorney's fees and cost.

55. Defendants remain owing Chavez overtime wages, and Chavez is entitled to recover double damages pursuant to the FLSA.

56. Records, if any, concerning the number of hours worked by Chavez and the actual compensation paid to her are in the possession and custody of Defendants.

57. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Chavez at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

58. Defendants failed to properly disclose or apprise Chavez of her rights under the FLSA.

59. As a direct and proximate result of Defendants' willful disregard of the FLSA, Chavez has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount in liquidated damages.

60. Chavez is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, Chavez respectfully requests that judgment be entered in their favor against Defendants, CESPEDES REPAIR and CESPEDES

    g. Declaring that Defendants have violated the maximum provisions of 29 U.S.C. §201;

    h. Awarding Chavez overtime compensation in the amount calculated;

    i. Awarding Chavez liquidated damages in the amount calculated;

    j. Awarding Chavez reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. §216(b);

    k. Awarding Chavez post-judgment interest; and

    l. Ordering any other and further relief this Court deems to be just.

### COUNT III
### Violation of 29 U.S.C. §207 (Unpaid Overtime)
### *(Plaintiff Betancourt Against the Defendants)*

61. Plaintiff, Betancourt, re-allege and re-incorporate paragraphs 1-36 as fully alleged therein.

62. Between January 21, 2019 and June 22, 2019, in addition to Betancourt's normal, regular work week, Betancourt worked additional hours in excess of forty (40) per week for which he was no compensated at the statutory rate of time and one-half.

63. Betancourt was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

64. Defendants failed to pay Betancourt's overtime compensation in the lawful amount for hours worked by Betancourt in excess of the maximum provided for in the FLSA.

65. At all times, Defendants willfully employed Betancourt for many work weeks longer than forty (40) hours, and failed and refused to compensate Betancourt for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

66. As a result of the unlawful acts of Defendants, Betancourt has been deprived of minimum wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorney's fees and cost.

67. Defendants remain owing Betancourt overtime wages, and Betancourt is entitled to recover double damages pursuant to the FLSA.

68. Records, if any, concerning the number of hours worked by Betancourt and the actual compensation paid to him are in the possession and custody of Defendants.

69. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Pavon at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

70. Defendants failed to properly disclose or apprise Betancourt of his rights under the FLSA.

71. As a direct and proximate result of Defendants' willful disregard of the FLSA, Betancourt has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount in liquidated damages.

72. Betancourt is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, Betancourt respectfully requests that judgment be entered in their favor against Defendants, CESPEDES REPAIR and CESPEDES

m. Declaring that Defendants have violated the maximum provisions of 29 U.S.C. §201;

n. Awarding Betancourt overtime compensation in the amount calculated;

o. Awarding Betancourt liquidated damages in the amount calculated;

p. Awarding Betancourt reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. §216(b);

q. Awarding Betancourt post-judgment interest; and

r. Ordering any other and further relief this Court deems to be just.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**

*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: _____
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com