## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23365-Civ-WILLIAMS/TORRES

YADER PAVON, ALISON CHAVEZ,
and DAVID BETANCOURT,

        Plaintiffs,

v.

CESPEDES REPAIR, INC.,
a Florida corporation, and JOSE L. CESPEDES,

        Defendants.

_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFFS' MOTION FOR FINAL DEFAULT JUDGMENT

This matter is before the Court on Yader Pavon's ("Mr. Pavon"), Alison Chavez's ("Ms. Chavez"), and David Betancourt's ("Mr. Betancourt") (collectively, "Plaintiffs") motion for final default judgment against Cespedes Repair, Inc. and Jose L. Cespedes (collectively, Defendants"). [D.E. 13]. No response was filed in opposition and the time to do so has now passed. Therefore, the motion is now ripe for disposition. After careful consideration of the motion and the record presented, Plaintiffs' motion should be **GRANTED in part** and **DENIED in part**.[1]

---

[1] On January 7, 2021, the Honorable Kathleen Williams referred Plaintiffs' motion to the undersigned Magistrate Judge for disposition. [D.E. 14].

1

## *I. BACKGROUND*

Plaintiffs filed this action on August 13, 2020, seeking relief for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.   [D.E. 1].   Plaintiffs allege that Defendants hired them in various capacities but failed to pay them the required half-time rate for overtime work.   Plaintiffs served Defendants on August 19, 2020 [D.E. 13-1] and Defendants never filed an answer or otherwise appeared to defend this case.   The Clerk of Court entered default against Defendants on November 24, 2020 [D.E. 9] and the Court directed Plaintiffs to file a motion for final default judgment on November 30, 2020.   [D.E. 10].   After obtaining an extension of time to comply with that directive, Plaintiffs filed a motion for final default judgment on January 5, 2021 that is now ripe for disposition.   [D.E. 13].

## *II. APPLICABLE PRINCIPLES AND LAW*

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment.   First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default.   *See* Fed. R. Civ. P. 55(a).   Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person.   Fed. R. Civ. P. 55(b)(2).   "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established."   *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th

2

Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005);

*Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

### III. ANALYSIS

Plaintiffs seek final default judgment against Defendants for their failure to pay overtime wages as required under the FLSA.   That law requires employers to pay covered employees (1) a regular hourly wage of at least $7.25, and (2) overtime pay at one and a half times their regular rate for all hours worked in excess of 40 hours per week.   *See* 29 U.S.C. §§ 206(a)(1), 207(a)(1).   The elements necessary to satisfy the elements of an FLSA overtime claim are "quite straightforward."   *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).   "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered[2] employees and/or failure to keep payroll records in accordance with the Act."   *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)); *see also Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015) ("An unpaid-overtime claim has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work.") (citing *Allen v. Bd. of Pub. Educ. for Bibb Cnty.,* 495 F.3d 1306, 1314–15 (11th Cir. 2007)).

---

[2]     An employee is covered by the FLSA if he or his employer "engaged in [interstate] commerce or in the production of goods for [interstate] commerce."   29 U.S.C. §§ 206(a)(1), 207(a)(1); *see id.* § 203(b).   An employer meets this requirement if it has "(1) employees engaged in [interstate] commerce or handling goods moved in [interstate] commerce, and (2) annual gross volume of sales or business done of at least $500,000."   *Jones v. Freedom Rain, TLC*, 401 F. App'x 409, 411 (11th Cir. 2010); *see also* 29 U.S.C. § 203(s)(1)(A).

4

Here, the complaint meets each of the required elements because it includes well-pled allegations that Defendants employed Plaintiffs [D.E. 1 at ¶ 10], that Defendants regularly operated a business engaged in commerce or in the production of goods, *id.* at ¶ 16, that the business had an annual gross volume of $500,000 in sales, *id.* at ¶ 8, that Defendants used instrumentalities of interstate commerce to assist in the operation of its business, *id.* at ¶ 7, that Plaintiffs worked hours in excess of 40 per week, *id.* at ¶ 27, and that Defendants failed to pay overtime wages as required, *id.* at ¶ 31.   Given that Defendants, as a defaulted party, have admitted to the well-pled allegations in the complaint and those facts are sufficient to establish liability without any response in opposition, the only question left is Plaintiffs' request for damages.   *See Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1278 (11th Cir. 2005) (stating that "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact.").

Mr. Pavon worked for Defendants, as a delivery driver, from October 1, 2017 through February 1, 2019 for a total of 68 weeks.   [D.E. 13-3].   He states that, during this time, Defendants pay him $9.37 per hour and should have paid him $14.06 in overtime pay.   However, he alleges that Defendants only paid him at his regular rate of $9.37 and shortchanged him $4.69 per hour for the 56 hours of overtime he worked each week.   That equates to a total of $262.64 per week in overtime pay and, since Mr. Pavon worked 68 weeks, he concludes that Defendants owe him a total of $17,859.52 in unpaid overtime.

Ms. Chavez worked for Defendants, as a secretary, from December 20, 2017 through May 14, 2019 for a total of 73 weeks.   During that time, she alleges that Defendants paid her $11.12 per hour and should have paid her $16.68 in overtime pay.   Similar to Mr. Pavon, Ms. Chavez claims that Defendants paid her $11.12 for the 14 hours of overtime she worked each week.   That equates to a total of $77.84 per week in overtime pay and a total of $5,682.32 in unpaid overtime for 73 weeks.

Mr. Betancourt worked for Defendants, as a general worker, from January 21, 2019 through May 14, 2019 for a total of 23 weeks.   Defendants paid him, during that time, $10.77 per hour and should have compensated him for $16.16 in overtime pay.   Mr. Betancourt alleges that he worked 38 hours per week in overtime and that Defendants shortchanged him a half-time rate of $5.39 per hour. That equates to a total of $204.82 per week in overtime pay and a total of $4,710.86 in unpaid overtime for the 23 weeks during Mr. Betancourt's length of employment.

Having established an entitlement to overtime compensation, the next issue is a request for liquidated damages because Defendants committed a willful violation of the FLSA.   [D.E. 1 at ¶¶ 41-42, 45, 47, 53-54, 57, 59, 65-66, 69, 71]. A willful FLSA violation occurs when an employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).   Under sub-section 216(b), an employer who violates the minimum wage or overtime provisions entitles an employee to an additional amount in liquidated damages:

> Any employer who violates the provisions of section 206 or section
> 207 of this title shall be liable to the employee or employees affected in
> the amount of their unpaid wages, or their unpaid overtime
> compensation, as the case may be, and in an additional equal amount
> as liquidated damages.

29 U.S.C. § 216(b).   By defaulting, Defendants have admitted to the allegations in Plaintiffs' complaint for failing to compensate for wages and they should therefore be liable for liquidated damages in an amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation[.]"   *Id.*; *Weisel v. Singapore Joint Venture, Inc.,* 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).   That should entitle Mr. Pavon to a total damages claim of $35,719.04, Ms. Chavez to $11,364.64, and Mr. Betancourt to $9,421.72.   Accordingly, Plaintiffs' motion for overtime and liquidated damages should be **GRANTED**.

The final issue is a request for fees and costs.   The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."   29 U.S.C. § 216(b).   In *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), the United States Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."   This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained."   *Id.* at 434; *accord Norman v. Hous. Auth.,* 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

7

Plaintiffs attached an affidavit from their attorney, seeking $250 in costs and $7,750 in fees.   The problem is Plaintiffs never explained in their memorandum why these fees and costs should be granted or how they are reasonable.   Plaintiffs also failed to attach the underlying invoices and billing records to substantiate a fee and cost award.   Without these documents and a memorandum explaining the entitlement to this relief, the Court cannot determine if the fee and cost request is reasonable.   The motion for fees and costs should therefore be **DENIED** without prejudice with leave to file a renewed motion after the District Judge adopts this Report and Recommendation, and subject to Local Rule 7.3.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for final default judgment should be **GRANTED in part** and **DENIED in part**:

A.      Mr. Pavon should be entitled to $35,719.04 in damages, Ms. Chavez to $11,364.64 in damages, and Mr. Betancourt to $9,421.72 in damages. That equates to a total amount of $56,505.40 in overtime and liquidated damages.

B.      Any renewed motion for fees or costs should be timely filed after the District Judge adopts this Report and Recommendation.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.   Failure to timely

file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 8th day of March, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge